UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20126-CR-DPG

UNITED STATES OF AMERICA

vs.

PATRICIA YERA,

        **Defendant.**

_____/

## PRELIMINARY ORDER OF FORFEITURE

**THIS MATTER** is before the Court upon motion of the United States of America (the "United States") for entry of a Preliminary Order of Forfeiture [ECF No. 20] ("Motion") against Defendant Patricia Yera (the "Defendant"). The Court has considered the Motion, is otherwise advised in the premises, and finds as follows:

On March 31, 2022, the United States filed an Information charging the Defendant in Count 1 with Theft of Government Funds, in violation of 18 U.S.C. § 641. Information, ECF No. 1. The Information also contained forfeiture allegations, which alleged that upon conviction of a violation of 18 U.S.C. § 641, the Defendant shall proceeds traceable to the offense. *See id.* at 2.

On May 24, 2022, the Court accepted the Defendant's guilty plea to Count 1 of the Information. *See* Minute Entry, ECF No. 14; Plea Agreement ¶ 2, ECF No. 15. As part of the guilty plea, the Defendant agreed to a forfeiture money judgment in the amount of $64,141. Specifically, among other provisions, the Defendant agreed to the following:

> 12.    The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, tile, and interest to any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of the offense, in violation 18 U.S.C. § 641, pursuant to 18 U.S.C. § 981(a)(1)(C), as incorporated by 28 U.S.C. § 2461(c), and the provisions of 21 U.S.C. § 853. In addition, the Defendant agrees to forfeiture of

substitute property pursuant to 21 U.S.C. § 853(p). The property subject to forfeiture includes, but is not limited to:

    a.     a forfeiture money judgment in the sum of $64,141 in United States currency, which sum represents the value of any property that constitutes or is derived from gross proceeds traceable to the Defendant's commission of the offense.

Plea Agreement ¶ 12

In support of the guilty plea, the Defendant executed a Factual Proffer, and the Court found that there was a factual basis to support the Defendant's conviction. *See* Factual Proffer, ECF No. 16. The Factual Proffer also provided a basis for the forfeiture of property. *See id.* at 2. The United States Probation Office has since conducted a presentence investigation, which included information on the Defendant's financial condition. *See* Presentence Investigation Report ("PSI"), ECF No. 19. The PSI identified Defendant's interest in 10460 SW 43rd St, Miami, FL 33165. *Id.* ¶ 55.

As set forth in the Defendant's factual proffer: The Defendant's father, an individual with initials O.Y., was awarded Title 16 Supplemental Security Income (SSI) benefits by the Social Security Administration (SSA) beginning in 2003. Because O.Y. had a mental impairment, SSA appointed his wife to act as a representative payee to manage his benefits. O.Y. and his wife moved into the Defendant's new home to live in Miami, Florida in May 2004. O.Y.'s wife passed away seven years later.

On June 28, 2011, the Defendant applied to SSA to be appointed as O.Y.'s new representative payee. The Defendant agreed to use all of O.Y.'s SSI benefits for his current and future needs, file an accounting for how she used these funds, and notify SSA if O.Y. died so his benefits could be promptly terminated. The Defendant also acknowledged that she understood it was a violation of Federal law to misuse the SSI benefits of another person that she received in her

capacity as a representative payee. SSA approved the Defendant to act as O.Y.'s representative payee and mailed his SSI benefit check each month to her home. These checks were clearly marked as U.S. Treasury funds paid to the order of the Defendant "for" O.Y.

Less than six months later, on December 18, 2011, O.Y. died at the Defendant's home in Miami. At the time of O.Y.'s death, his entitlement to receive the SSI benefits ceased. No one else was entitled to receive, collect or use these government benefits after his death. The Defendant failed to notify SSA of her father's death in accordance with her duties as a representative payee. She also failed to file accounting reports on how she used the SSI benefits despite receiving correspondences from SSA requesting these reports in 2018 and 2019.

Because SSA did not receive timely notice that O.Y. died, the agency continued to erroneously mail his benefit checks to the Defendant's home from January 1, 2012 through June 4, 2019, which is when O.Y.'s death was discovered during an audit of Florida death records. Over 85 Treasury checks were sent to the Defendant during this period and later cashed by her at various check cashing stores in the Southern District of Florida.

The SSI checks issued after O.Y.'s death were wrongfully paid and funds belonging to the United States. A total of $64,141 in illegally paid SSI benefits were received, retained, and later converted by the Defendant during the offense period. The parties agree this is the actual loss amount sustained by the United States attributable to the Defendant's violation. The Defendant continued collecting the SSI checks that SSA mailed for her deceased father knowing the benefits were wrongfully paid and converted funds that she had no right to use for herself. The Defendant kept her father's death concealed from SSA in order to receive and retain his government benefits with the intent to convert the funds to her own use and gain knowing these actions were wrong and in violation of the law.

Based on the record in this case, the total value of the proceeds traceable to the offense of conviction is $64,141, which sum may be sought as a forfeiture money judgment pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

The United States has also not been able to locate all of the directly forfeitable property. It is the conclusion of Special Agent Franco that other directly forfeitable property cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty. *See* Decl. (attached as Exhibit A to Motion). Thus, pursuant to 21 U.S.C. § 853(p), the United States is authorized to forfeit substitute property, and the following property should be forfeited to satisfy the forfeiture money judgment:

    i. Real property located at 10460 SW 43rd St, Miami, FL 33165, including all buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

    Also known as: Lot 3, Block 7, of HEFTLER HOMES SECTION 1, according to the PLAT thereof, as recorded in Plat Book 65 at Page 149, of the Public records of Miami-Dade County, Florida

Parcel Identification No. 30-4020-006-1120.

Accordingly, based on the foregoing, the evidence in the record, and for good cause shown, the Motion is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 981(a)(1)(C) and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $64,141 is hereby entered against the Defendant.

2. Pursuant to 21 U.S.C. § 853(p), the following substitute property is hereby forfeited and vested in the United States of America:

    i. Real property located at 10460 SW 43rd St, Miami, FL 33165, including all

    buildings, fixtures, appurtenances, improvements, attachments and easements found therein or thereon,

    Also known as: Lot 3, Block 7, of HEFTLER HOMES SECTION 1, according to the PLAT thereof, as recorded in Plat Book 65 at Page 149, of the Public records of Miami-Dade County, Florida

    Parcel Identification No. 30-4020-006-1120.

3.  Any duly authorized law enforcement agency may seize and take possession of the forfeited property according to law.

4.  The United States shall send and publish notice of the forfeiture in accordance with Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n).

5.  The United States is authorized to conduct any discovery that might be necessary to identify, locate, or dispose of forfeited property, and to resolve any third-party petition, pursuant to Rule 32.2(b)(3), (c)(1)(B) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m).

6.  Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to the Defendant.

7.  The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order, and pursuant to Rule 32.2(e)(1) of the Federal Rules of Criminal Procedure, shall amend this Order, or enter other orders as necessary, to forfeit additional specific property when identified.

It is further **ORDERED** that upon adjudication of all third-party interests, if any, the Court will enter a final order of forfeiture as to the property in which all interests will be addressed. Upon notice from the United States that no claims have been filed within 60 days of the first day of publication or within 30 days of receipt of notice, whichever is earlier, then, pursuant to Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(n)(7), this Order shall become a Final Order of Forfeiture and any duly authorized law enforcement agency shall dispose

of the property in accordance with applicable law.

**DONE AND ORDERED** in Miami, Florida, this 15th day of July 2022.

_____
DARREN P. GAYLES
UNITED STATES DISTRICT JUDGE